**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CIVIL ACTION NO. 26-44-DLB**

**LATRELL S. MOORE**                                                                                    **PETITIONER**

**VS.**                                              **MEMORANDUM ORDER**

**DAVID BREWER,**                                                                                        **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

While confined at the United States Penitentiary in Inez, Kentucky, federal prisoner Latrell Moore filed in the United States District Court for the District of Connecticut a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Moore v. Brewer*, No. 3:26-CV-161 (D. Conn. 2026) (Doc. # 1 therein). Moore complained that he only received prior custody credit for his federal sentence beginning in March 2023, not in August 2019 when he was taken into federal custody. *See id*. at. 2, 6. He separately stated that he "want[s] the sentence I got for the 922(c) to be remove (*sic*)" in light of Executive Order 14206 which he characterizes as "protect[ing] every American's Second Amendment Right to keep and bare (*sic*) Arms." *See id*. at. 2, 6. Moore states that he has not challenged, appealed, or grieved any of his claims. *See id*. at 2-7. Moore seeks immediate release from custody. The Connecticut federal court transferred Moore's petition to this District on grounds of improper venue. *See* (Doc. # 11).

The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). A petition will be denied "if it plainly appears from

1

the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Moore's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In April 2023, Moore was sentenced to 118 months imprisonment by the Connecticut federal court for firearms possession and robbery offenses.  *See United States v. Moore*, No. 3: 22-CR-49-RNC (D. Conn. 2022) (Doc. # 37 therein).  In his written plea agreement Moore expressly "agree[d] not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 …"  (Doc. # 8 therein at 9).  The Judgment stated that "[t]his sentence has been reduced by 43 months to provide the defendant with credit for the time he spent in state custody following his arrest in August 2019."  *See* (Doc. # 37-1 therein at 1).

The Court will deny Moore's petition for several reasons.  First, Moore readily states that he has not exhausted his administrative remedies regarding any of his claims, including his sentence calculation claim.  *See* (Doc. # 1 at 2-7).  Before a prisoner may seek habeas relief under section 2241 regarding the execution of his sentence, he must exhaust his administrative remedies within the Bureau of Prisons.  *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).  Moore's failure to do so would, at a minimum, warrant dismissal without prejudice.  In any event, Moore's criminal

judgment makes clear that he has already been credited for the time he spent in pretrial custody through a sentence reduction pursuant to U.S.S.G. 5G1.1(b)(1).  He is not entitled to "double count" that time through prior custody credits under 18 U.S.C. § 3585(b) because he has already received credit for it.  *See United States v. Wilson*, 112 S. Ct. 1351, 1355-56 (1992) ("A defendant cannot receive a double credit for his detention time" under § 3585(b)) (cleaned up); *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014).  This aspect of his petition is substantively without merit.

Second, the Court lacks jurisdiction to entertain Moore's challenge to the validity of his firearms conviction.  Moore's sole remedy to challenge the validity of the judgment of conviction is a motion under Section 2255.  *See Jones v. Hendrix*, 143 S. Ct. 1857 (2023).  *See also Ross v. United States*, No. 5:25-CV-1350, 2025 WL 2607711, at *2 (N.D. Ohio Aug. 13, 2025) (dismissing 2241 petition asserting the same claim under Executive Order 14206 as incognizable).

In his plea agreement Moore also unambiguously waived his right to collaterally attack his conviction or sentence.  Such waivers are valid and enforceable to preclude his seek relief under Section 2241.  *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable."), *cert. denied*, 139 S. Ct. (2019); *Moser v. Quintana*, No. 5:17-CV-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).  And "[w]aivers of the right to bring postconviction challenges remain enforceable after changes in law." *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (cleaned up).

3

Finally, the Executive Order expressly states that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person."  Exec. Order No. 14206, 90 Fed. Reg. 9503 (Feb. 12, 2025).  Rather, the Executive Order "simply tells the Attorney General to look over federal actions from 2021 to 2025 that might have affected Second Amendment rights and come up with a plan to address them."  *Ford v. United States*, No. 25-CV-98, 2025 WL 2661515, at *3 (D. Utah Sept. 17, 2025).  The Executive Order therefore does not provide any ground to invalidate Moore's conviction.  *See Ross v. United States*, No. 3:25-CV-2387, 2026 WL 359921, at *3 and n.3 (M.D. Pa. Feb. 9, 2026); *United States v. Holmes*, No. 25-CV-704-R, 2026 WL 483271, at *3 (W.D. Okla. Feb. 20, 2026) (same).

For all of these reasons, the Court will dismiss the petition.

Accordingly, the Court **ORDERS** as follows:

1. The petition **(Doc. # 1)** is **DENIED IN PART** and **DISMISSED IN PART** for lack of jurisdiction**.**

2. This matter is **STRICKEN** from the docket.

This 10th day of March, 2026.



Signed By:

David L. Bunning    DB

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Moore 0-26-44 Opinion.docx